UNITED STATES, Appellee

v.

Kelly S. ERICKSON, Staff Sergeant
U.S. Air Force, Appellant

No. 06-0715

Crim. App. No. 35495

United States Court of Appeals for the Armed Forces

Argued February 27, 2007

Decided June 22, 2007

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and RYAN, J., joined.  STUCKY, J., filed a
separate opinion concurring in the result, in which BAKER, J.,
joined.

Counsel

For Appellant:  Captain Griffin S. Dunham (argued); Lieutenant
Colonel Mark R. Strickland and Major David P. Bennett (on
brief).

For Appellee:  Major Kimani R. Eason (argued); Colonel Gerald R.
Bruce, Lieutenant Colonel Robert V. Combs, and Major Matthew S.
Ward (on brief).

Military Judge:  Rodger A. Drew Jr.


**This opinion is subject to revision before final publication.**

United States v. Erickson, No. 06-0715/AF

Judge ERDMANN delivered the opinion of the court.

Staff Sergeant Kelly S. Erickson was tried at McChord Air Force Base (AFB), Washington, by a military judge sitting as a general court-martial. He was charged with numerous sexual offenses involving his minor daughters as well as subornation of perjury and violating a no-contact order. Under a pretrial agreement, Erickson entered guilty pleas to the sexual offenses and a plea of not guilty to the perjury charge. The military judge accepted Erickson's guilty pleas and found him guilty of the lesser included offense of obstruction of justice under the perjury charge.

Erickson was sentenced to reduction to airman basic (E-1), dishonorable discharge and confinement for life with eligibility for parole. The sentence was approved by the convening authority with mandatory forfeitures deferred and waived for the benefit of Erickson's family. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Erickson, 63 M.J. 504 (A.F. Ct. Crim. App. 2006).

"When arguing for what is perceived to be an appropriate sentence, the trial counsel is at liberty to strike hard, but not foul, blows." United States v. Baer, 53 M.J. 235, 237 (C.A.A.F. 2000). We granted review in this case to determine whether trial counsel committed plain error during his sentencing argument by comparing Erickson to Hitler, Saddam

2

Hussein, and Osama bin Laden, and describing him as a demon belonging in hell.  We conclude that Erickson has failed to establish plain error and therefore affirm the decision of the Court of Criminal Appeals.

BACKGROUND

Erickson admitted to a number of sexual offenses that occurred between 1996 and 2002, including the rape of his older daughter and rape, sodomy, indecent acts, indecent liberties and using indecent language with his younger daughter.  During sentencing, the Government introduced Stipulations of Expected Testimony from the two girls as evidence in aggravation.  The older daughter stated that when she was about eight years old, Erickson would kiss and fondle her, put his hands down her pants and penetrate her with his fingers.  On one occasion he had sex with her after offering her gifts.  He later told her not to tell anyone about his conduct or he would go to jail.

Erickson abused the younger daughter starting when she was five and continuing until she was ten.  He had sex with her as often as several times a day; had oral sex with her; attempted anal sex; fondled and kissed her; took showers and baths with her; penetrated her with a dildo; showed her pornographic videos; placed her in sexual situations with her brother and the family dog; took naked pictures of her; and had phone sex with her.

At the sentencing phase of Erickson's court-martial, trial counsel introduced his sentencing argument to the military judge with the following remarks:

> What is evil?  It's a dramatic question.  It is not a concrete question and it defies a scientific answer. It likely means something different to virtually everyone.  History, current events, are replete with examples of people who have been argued who are the embodiments of evil, Adolph Hitler, Saddam Hussein, Osama bin Laden.  Men who have killed innocent women and children, poisoned the world with their rage and their fanaticism.  Well, as awful as those men and those actions are there is an advantage, frankly, to evil that eventually becomes so open and notorious. You can see it coming.  You can prepare your defenses. It has been quipped countless times that the greatest trick the devil ever performed was convincing the world that he didn't exist.  The message there is that the evil that you can't see coming, the evil that is hidden, that is so insidious.  Evil can hide the pitchfork, hide the horns, hide the tail.  It can hide behind a façade of respectability, a façade of caring. Even a façade of, well, this accused.  Staff Sergeant Erickson, sitting here in this courtroom, right here, right now, is evil.  The insidious type.
>
>     . . . .
>
> This demon so masterfully manipulated his victims for so long a period of time, the little girls still don't see the evil.

In closing, trial counsel continued:  "He is evil.  The place for evil, of course, is hell.  His children should not suffer him a single day of freedom before he goes there.  Society should not suffer him a single day of freedom before he goes there."

Defense counsel did not object at any point to this part of trial counsel's argument.  On appeal to the Court of Criminal

United States v. Erickson, No. 06-0715/AF

Appeals, Erickson argued that "the trial counsel improperly inflamed the passions and appealed to potential religious biases of the military judge during his argument" and asked the lower court to order a rehearing on the sentence or reduce it to no greater than forty years. Erickson, 63 M.J. at 509. While the Air Force court held that the comments in this case went well outside the bounds of fair comment and amounted to plain and obvious error, it found no material prejudice to Erickson's substantial rights. Id. at 509-10. The lower court held that there was no clear evidence the military judge considered the comments and that the misconduct in this case was so severe that the military judge would have imposed the same sentence regardless of the comments. Id.

## DISCUSSION

When a defense attorney fails to object to a sentencing argument at the time of trial, appellate courts review the statement for plain error. United States v. Barrazamartinez, 58 M.J. 173, 175 (C.A.A.F. 2003); United States v. Gilley, 56 M.J. 113, 123 (C.A.A.F. 2001). In order to prevail under a plain error analysis, Erickson must demonstrate that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000); United States v. Finster, 51 M.J. 185, 187 (C.A.A.F. 1999).

5

United States v. Erickson, No. 06-0715/AF

The sole issue before this court concerns the third element of the plain error test -- whether the error materially prejudiced a substantial right.[1]  In assessing prejudice under the plain error test where prosecutorial misconduct has been alleged:

> [W]e look at the cumulative impact of any prosecutorial misconduct on the accused's substantial rights and the fairness and integrity of his trial. . . .  We believe the best approach involves a balancing of three factors:  (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction.

United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F. 2005). Although the second Fletcher factor adds little to the analysis in a judge alone trial, there is no reason not to apply the first and third factors in that context.  We consider the Fletcher factors to determine whether "trial counsel's comments, taken as a whole, were so damaging that we cannot be confident" that Erickson was sentenced "on the basis of the evidence alone."  Id.

---

[1] The Court of Criminal Appeals' decision concerning the first two prongs of the plain error test was not appealed to this court.  Where neither party appeals a ruling of the court below, that ruling will normally be regarded as law of the case and binding upon the parties.  United States v. Parker, 62 M.J. 459, 464 (C.A.A.F. 2006).  Where there is no appeal, this court will not review the lower court's ruling unless "the lower court's decision is 'clearly erroneous and would work a manifest injustice' if the parties were bound by it."  United States v. Doss, 57 M.J. 182, 185 (C.A.A.F. 2002) (citation omitted). Neither party argued that the rulings were clearly erroneous or would work a manifest injustice.

6

Severity of the misconduct

Erickson argues that trial counsel's misconduct was severe because he invoked infamous enemies of the United States and sought to identify Erickson as a demonic figure. As a result, he concludes, the military judge could not separate his personal religious views from his sentencing decision. The Government responds that because the improper references constituted a relatively limited portion of trial counsel's lengthy sentencing argument, the misconduct was not severe.

In Fletcher, this court evaluated the severity of trial counsel's improper comments based on, inter alia, "the raw numbers -- the instances of misconduct as compared to the overall length of the argument," and the degree to which the improper references were spread throughout the argument or the case as a whole. 62 M.J. at 184; see also United States v. Modica, 663 F.2d 1173, 1181 (2d Cir. 1981). Here, the improper comments amounted to less than a single page out of trial counsel's twenty-two page sentencing argument. Although the improper references appeared at both the beginning and the end of the sentencing argument, they were confined to those locations and did not permeate the entire argument. No improper references were made during the Government's rebuttal sentencing argument.

United States v. Erickson, No. 06-0715/AF

The lower court found that the trial counsel's comparison of Appellant to Hitler, bin Laden, and Hussein was improper and "went well beyond the norm and were outside the bounds of fair comment." Erickson, 63 M.J. at 510. Nevertheless, these comments were made in the context of a permissible theme -- that unseen evil is worse than open and obvious evil. It reflected both the general belief of young children that their father would not wish to do them harm and Erickson's actions to conceal his conduct. While we do not condone the references, in this context, and in view of the limited number of references in a lengthy argument, we do not consider the misconduct to be "severe."

## Judge alone trial

Erickson contends that because the military judge listened to the argument without interruption, there were no measures taken to cure the error. The Government responds that in an argument before a military judge alone, the military judge need not act to cure misconduct because he is presumed to know and follow the law. United States v. Rodriguez, 60 M.J. 87, 90 (C.A.A.F. 2004).

In United States v. Knickerbocker, 2 M.J. 128, 129 (C.M.A. 1977), this court emphasized the importance of swift corrective action by the military judge to remedy the effects on a court-martial panel of a prosecutor's improper comments. See also

Baer, 53 M.J. at 239; Berger v. United States, 295 U.S. 78, 85 (1935). In this case, however, no panel heard trial counsel's improper remarks and the military judge had no obligation to provide an instruction. Cf. United States v. Horn, 9 M.J. 429, 430 (C.M.A. 1980). Military judges are presumed to know the law and to follow it absent clear evidence to the contrary. United States v. Mason, 45 M.J. 483, 484 (C.A.A.F. 1997). As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments. Erickson argues that since the military judge did not note that the references were improper and state on the record that he would not consider them, we do not know how he perceived the argument. Erickson fails, however, to provide any evidence that would rebut the presumption. There is nothing in the record that reflects that the military judge was biased or in any way swayed by the comments.[2]

## Weight of evidence supporting the sentence

Erickson argues that although the evidence against him was strong, it did not justify a sentence of confinement for life with eligibility for parole, which was greater than the usual sentence in child sexual abuse cases. The Government responds

---

[2] While not the case here, if a defendant introduced evidence to rebut the presumption, we would then consider whether the military judge undertook "curative measures," such as a clear statement on the record that he would not consider the improper comments.

that the evidence weighed heavily in favor of the sentence imposed because of the negative and ongoing impact of the abuse on Erickson's young victims.

While we recognize that Erickson received a sentence at the higher end of the sentencing spectrum for child sexual abuse cases, the facts in this case are particularly egregious. The sentence was not the highest possible sentence and the Court of Criminal Appeals found that it was appropriate in light of the evidence. Erickson's offenses carried the possibility of a sentence of confinement for life without the possibility of parole. Manual for Courts-Martial, United States pt. IV, para 45.e.(1) (2002 ed.); Rule for Courts-Martial (R.C.M.) 1003(b)(7). His adjudged sentence of confinement for life with eligibility for parole is therefore a lower sentence than he could have received.

R.C.M. 1001 allows the military judge to consider Erickson's admitted conduct with his children as well as the negative and continuing impact of that conduct as an aggravating factor. The sentence adjudged must be based on all relevant sentencing factors. R.C.M. 1001(b)(4); United States v. Holt, 33 M.J. 400, 408 (C.M.A. 1991). The evidence revealed not only that Erickson had sexually abused his two daughters over a sustained period, but that he manipulated them into believing that the conduct was appropriate. He told them that if they

revealed what he had done to them he would leave them and go to jail.  As a consequence both girls lied to protect the very person abusing them.

Erickson's abuse has left his children emotionally scarred. His son provided testimony as to the impact of his father's abuse.  His older daughter stated that she felt immense guilt, confusion, and fear about her ability to lead a normal life in the future.  Perhaps the most tragic consequence of Erickson's conduct is that the younger daughter was so influenced by her father that she continued to defend him through the time of trial.[3]  The clinical psychologist who was treating Erickson's son and younger daughter at the time of trial testified as to the lasting negative impact of Erickson's actions on both these children and the extended treatment they would require.

The offenses to which Erickson entered guilty pleas and his admitted conduct in connection with those offenses support a significant sentence.  Added to this is the compelling evidence of the lasting negative impact of his offenses on his children. Erickson's comparison of his sentence to those in other cases

---

[3] In a Stipulation of Expected Testimony, the younger daughter stated:

> None of the things that happened between me and Dad would matter if no one else knew about it.  I have never been scared of Dad.  I don't like it that people only talk about the bad things about Dad.  He is a really good man, and does lots of good things for me. I love him.

11

United States v. Erickson, No. 06-0715/AF

involving child sexual abuse fails to account for the egregious record before us and therefore does not establish an "'obvious miscarriage[] of justice or abuse[] of discretion.'" United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting United States v. Dukes, 5 M.J. 71, 73 (C.M.A. 1978)). We find that the weight of evidence clearly supports the Court of Criminal Appeals' determination that Erickson would have received the same sentence irrespective of trial counsel's improper comments.

Having reviewed the Fletcher factors, we conclude that there was no material prejudice to Erickson's substantial rights and therefore no plain error.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Erickson, No. 06-0715/AF

STUCKY, Judge, with whom BAKER, Judge, joins (concurring):

I agree with the majority's conclusion that the military judge did not commit plain error, but write separately because the Court's reliance on the balancing test in United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F. 2005) appears misplaced in a judge-alone trial such as this.

In Fletcher, we appropriately found that determining the existence of prejudice caused by trial counsel's improper comments made before a court-martial including members depends on balancing the severity of counsel's misconduct against the military judge's curative measures and the weight of the evidence supporting conviction. See id. In other words, the more improper the argument, the greater the counterweight of curative measures and the weight of the evidence must be to overcome any potential prejudice.

In a judge-alone case like this one, curative measures are superfluous because the military judge is presumed to know and apply the law correctly. United States v. Rodriguez, 60 M.J. 87, 90 (C.A.A.F. 2004). The facts of this case are fortuitous in that the improper conduct is balanced by overwhelming evidence supporting conviction. As such, curative measures are unnecessary under the Fletcher rubric. However, when this Court considers a future case in which trial counsel's egregious conduct is balanced against evidence of guilt of less than

overwhelming weight, a Fletcher analysis would seem to require the military judge in that case to impose significant curative measures on himself to counterbalance the improper argument. This could not only lead to an absurd result, but also would contradict the principle that the military judge is presumed to know and apply the law correctly.

As an alternative to the Court's Fletcher analysis, I would have reviewed the record for any evidence of prejudice sufficient to rebut the presumption that the military judge knew and applied the law correctly. Seeing no such evidence, I concur with my colleagues that there was no material prejudice to Appellant's rights and, therefore, no plain error.