**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman MARK R. MANGASARIAN**
**United States Air Force**

**ACM 38427**

**22 August 2014**

Sentence adjudged 18 April 2013 by GCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Joshua E. Kastenberg.

Approved Sentence: Bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Major Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

In accordance with his pleas, the appellant was convicted at a general court-martial of one specification of wrongful use of methamphetamine, three specifications of wrongful use of cocaine, one specification of wrongful possession of cocaine, and one specification of wrongful distribution of cocaine on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. A panel of officer and enlisted members sentenced the appellant to a bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.[*] The convening authority approved the sentence as adjudged.

---

[*] The Court-Martial Order (CMO), dated 13 August 2013, incorrectly states the sentence was adjudged by a military judge. This Court orders the promulgation of a corrected CMO.

*Improper Argument*

On appeal to this Court, the appellant contends his sentence should be set aside because of improper argument during sentencing. Specifically, the appellant claims trial counsel erred by referring to him as a "drug dealer" and one who led a "double life." We disagree with this assertion.

Because trial defense counsel failed to object to the prosecution argument, we review the issue for plain error. *See United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007); *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001). "[T]o prevail under a plain error analysis, [the appellant] must demonstrate that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right'" of the appellant. *Erickson*, 65 M.J. at 223 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). We find no plain error in trial counsel's argument.

"A trial counsel is charged with being a zealous advocate for the Government." *United States v. Barrazamartinez*, 58 M.J. 173, 176 (C.A.A.F. 2003) (citing *United States v. Nelson*, 1 M.J. 235, 238 (C.M.A. 1975)). As a zealous advocate, trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citing *United States v. Edwards*, 35 M.J. 351 (C.M.A. 1992)); *see also Nelson*, 1 M.J. at 239. During sentencing argument, "trial counsel is at liberty to strike hard, but not foul, blows." *Baer*, 53 M.J. at 237. Trial counsel may not "seek unduly to inflame the passions or prejudices of the court members." *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983) (citing *United States v. Shamberger*, 1 M.J. 377 (C.M.A. 1976)).

During sentencing argument, trial counsel referred to the appellant several times as a "drug dealer." The context of these comments, however, suggests no intent to unduly inflame the passions or prejudices of the court members, nor any other impropriety. Rather, they were fair comment on evidence indicating the appellant distributed cocaine four separate times, received money for doing so at least once, and taught a fellow Airman how to abuse the drug.

Likewise, trial counsel's suggestion that the appellant had led a "double life" was fair comment upon evidence indicating the appellant had engaged in a string of drug offenses while being perceived by others as an exemplary service member.

We find no error in the argument of trial counsel, let alone plain or obvious error. Moreover, even if comments by the prosecutor were deemed erroneous, they were not materially prejudicial to a substantial right of the appellant. He was facing a maximum punishment that included a dishonorable discharge and 35 years confinement. Trial counsel urged the court to impose a dishonorable discharge, 36 months confinement, total forfeitures, and reduction to E-1. The adjudged sentence of only a bad-conduct

discharge, confinement for one year, forfeitures, and reduction in grade is strong indication that the members were not unduly swayed by any argument of trial counsel. Further, the lack of any objection by defense counsel is some measure of the minimal impact of trial counsel's argument. *See Gilley*, 56 M.J. at 123.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court