# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Senior Airman BRUCE L. BROUGHTON
## United States Air Force

## ACM S32156

## 23 October 2014

Sentence adjudged 15 May 2013 by SPCM convened at Mountain Home Air Force Base, Idaho.  Military Judge:  Natalie D. Richardson.

Approved Sentence:  Bad-conduct discharge, confinement for 2 months, restriction to the limits of Mountain Home Air Force Base for 1 month, hard labor without confinement for 1 month, forfeiture of $1,010.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Michael A. Schrama.

Appellate Counsel for the United States:  Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Brett D. Burton; and Gerald R. Bruce, Esquire.

Before

SANTORO, TELLER, and CONTOVEROS
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of officer members convicted the appellant, contrary to his pleas, of distribution of marijuana on divers occasions and use of marijuana on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence was a bad-conduct discharge, confinement for 2 months, restriction to base for 1 month, hard labor without confinement for 1 month, forfeiture of $1,010 pay per month for 3 months, and reduction to E-1.  Before us, the appellant argues that (1) the military judge erred in denying his motion to compel a grant

of immunity for a potential witness, and (2) trial counsel's sentencing argument was inappropriate.[*] We disagree and affirm.

## *Background*

The appellant was the supplier of marijuana for several Airmen and at least one civilian. He took orders from buyers and received cash in exchange for the sales. The appellant also used marijuana on multiple occasions with his friends and customers. The enterprise came to light when a confidential informant reported his conduct to law enforcement. The Airmen with whom he used marijuana were offered nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, and testified against him with grants of immunity.

Additional facts relevant to resolve the assigned errors are recited below.

## *Motion to Compel*

The first assignment of error concerns the military judge's denial of a defense motion to compel the production of CW as a witness. The convening authority had previously denied both a request to compel and a grant of immunity for CW. We review a military judge's ruling on a request for a witness for an abuse of discretion. *United States v. McElhaney*, 54 M.J. 120, 126 (C.A.A.F. 2000). A military judge's decision not to abate the proceedings is also reviewed for an abuse of discretion. *United States v. Ivey*, 55 M.J. 251, 256 (C.A.A.F. 2001).

Under Rule for Courts-Martial (R.C.M.) 704(e):

> [T]he decision to grant immunity is a matter within the sole discretion of the appropriate general court-martial convening authority. However, if a defense request to immunize a witness has been denied, the military judge may, upon motion by the defense, grant appropriate relief directing that either an appropriate convening authority grant testimonial immunity to a defense witness or, as to the affected charges and specifications, the proceedings against the accused be abated, upon findings that:
>
> (1) The witness intends to invoke the right against self-incrimination to the extent permitted by law if called to testify; and

---

[*] The second issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

(2) The Government has engaged in discriminatory use of immunity to obtain a tactical advantage, or the Government, through its own overreaching, has forced the witness to invoke the privilege against self-incrimination; and

(3) The witness' testimony is material, clearly exculpatory, not cumulative, not obtainable from any other source and does more than merely affect the credibility of other witnesses.

All three prongs of R.C.M. 704(e) must be satisfied before a military judge may overrule the decision of the convening authority to deny a request for immunity. *Ivey*, 55 M.J. at 256.

In applying R.C.M. 704(e)(1) to the present case, the military judge found that CW had an active arrest warrant for possession of a controlled substance, use or possession of drug paraphernalia with intent to use, and driving without privileges. She also found that CW had been convicted of a misdemeanor for providing false information to an officer or government official. CW intended to invoke his right to remain silent and had declined the Government's request for an interview. These findings are not clearly erroneous and are amply supported by the record.

The military judge ruled that the appellant failed to meet his burdens under R.C.M. 704(e)(2) and (3). In concluding that the Government had not overreached, the military judge noted that there was no evidence that the Government had made CW unavailable. She further observed that the convening authority had granted immunity for two other defense witnesses.

In concluding that there was insufficient evidence of the materiality and exculpatory nature of the proposed testimony, the military judge noted that trial defense counsel presented no evidence of the substance of CW's expected testimony. Instead, trial defense counsel offered a proffer that CW would deny packaging marijuana with the appellant in his bedroom, which would contradict another witness's statement. He was also expected to admit using marijuana at the appellant's residence and, as a result, was the source of the marijuana odor smelled by others. The proffer was silent as to whether the incidents about which CW would testify were the same as would be described by the other witnesses.

The military judge did not abuse her discretion in denying the appellant's motion for relief. There was no evidence suggesting that the Government engaged in the discriminatory use of immunity to obtain a tactical advantage, overreached, or forced the witness to invoke his privilege against self-incrimination. As did the military judge and convening authority, we conclude that even were the proffer of CW's expected testimony

considered as evidence upon which the military judge could rely, the proffer failed to meet the R.C.M. 704(e)(3) standard: it essentially amounted to CW's saying that on unspecified dates within the charged time period, he did not see the appellant use or distribute marijuana. This testimony is not clearly exculpatory. We therefore reject this assignment of error.

*Sentencing Argument*

The appellant argues that trial counsel improperly encouraged the members to punish him more severely because his drug distribution caused additional work for his squadron commander and the commanders of those to whom he distributed. Trial counsel argued:

> We would not stand before you and argue that the fab-four that [defense counsel] described are somehow not responsible for their actions. . . . But there is something to – something aggravating about the accused enabling that. They made that decision and they're responsible for and they've been held responsible for it, but [the appellant] enabled that. They didn't have to go far. And there's aggravation there. And this isn't a problem that only [the appellant's commander] had to deal with in his squadron. This is a problem that the AMXS commander had to deal with, with Airman S[], this is a problem that the communications squadron commander had to deal with Airman W[], this is a problem that the equipment maintenance squadron commander had to deal with, with that airman. This was across the entire Wing and two Groups.

Trial defense counsel did not object to the prosecution argument; we therefore review for plain error. *See United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007); *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001). "[T]o prevail under a plain error analysis, [the appellant] must demonstrate that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right'" of the appellant. *Erickson*, 65 M.J. at 223 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

"A trial counsel is charged with being a zealous advocate for the Government." *United States v. Barrazamartinez*, 58 M.J. 173, 176 (C.A.A.F. 2003) (citing *United States v. Nelson*, 1 M.J. 235, 238 (C.M.A. 1975)). As a zealous advocate, trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citing *Nelson*, 1 M.J. at 239). During sentencing argument, "trial counsel is at liberty to strike hard, but

not foul, blows." *Baer*, 53 M.J. at 237. Trial counsel may not "seek unduly to inflame the passions or prejudices of the court members." *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983) (citing *United States v. Shamberger*, 1 M.J. 377 (C.M.A. 1976)).

The court heard evidence that each of the Airmen referenced by trial counsel were in different squadrons and that each received an Article 15 for use of marijuana. It could be reasonably inferred that if a military member received nonjudicial punishment, the punishment was imposed by the Airman's commander. Thus, we conclude that there was evidence in the record to support trial counsel's argument.

We next turn to whether the argument itself was improper. When viewed in context with the entire sentencing argument, we conclude that trial counsel's comments appropriately highlighted that the appellant's distribution of marijuana contributed to a breach of good order and discipline across multiple squadrons. We find no error, plain or otherwise, and reject this assignment of error.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court