**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman JOSUE GARCIA**
**United States Air Force**

**ACM 38744**

**16 December 2015**

Sentence adjudged 16 September 2014 by GCM convened at Misawa Air Base, Japan. Military Judge: Todd E. McDowell (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Jonathan D. Legg.

Appellate Counsel for the United States: Captain Rebecca A. Magnone and Gerald R. Bruce, Esquire.

Before

MITCHELL, SANTORO, and MAYBERRY
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting alone as a general court-martial convicted Appellant, consistent with his pleas, of larceny, housebreaking, and making a false official statement, in violation of Articles 121, 129, and 107, UCMJ, 10 U.S.C. §§ 921, 929, and 907. The adjudged and approved sentence was a bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1. On appeal, Appellant argues that the military judge erred in admitting certain rehabilitative potential testimony from a defense sentencing witness. We disagree and affirm.

*Background*

After completing his duties for the day, Appellant drove to the off-base home of a friend and fellow Airman. He arrived between 2300 and 2330 and saw that a neighbor's home had been left unsecured; the windows were open and the lights were on, but it did not appear that anyone was home. After first checking the front door and finding it locked, Appellant entered the garage through an unlocked patio door. The door from the garage to the interior of the home was also locked. Undaunted, Appellant entered the home through an unsecured window which he had to pull open to climb through.

Once inside, Appellant went room to room taking things he thought he could use to "upgrade" his standard of living. He took an Xbox Kinect, a Guess watch, a Macbook laptop computer, a digital camera with zoom lens, audio headphones, and a 52-inch plasma television. He stored the stolen items in his on-base dormitory room for a couple of weeks but later dumped them in the woods.

Investigation disclosed that the burglarized home belonged to a fellow Misawa Airman. Appellant, initially interviewed as a witness, falsely told investigators that he had never been inside the victim's home. The victim valued the stolen property at over $6,000.

Additional facts necessary to resolve the assignment of error are included below.

*Sentencing Testimony*

Trial defense counsel called Appellant's first sergeant, Chief Master Sergeant (CMSgt) MB, to testify on his behalf. A portion of CMSgt MB's testimony related to her opinion about Appellant's rehabilitative potential. After establishing the foundation necessary for such testimony, trial defense counsel inquired:

> Q. Okay. Now, talk a little bit—you know, based on what you know of him and these interactions you've had with him, talk a little bit about how you feel about his ability to function in society after this.
>
> A. I feel like Airman Garcia will be a valuable member of the society. I think he has something to offer. I think that if he puts his mind to it, he has the potential, he has unlimited potential, just not in the Air Force.

Trial defense counsel made no objection to this testimony and continued with her direct examination. Trial counsel did not cross-examine CMSgt MB about this statement. During clemency, Appellant specifically called the convening authority's attention to

CMSgt MB's testimony as a basis for reducing his sentence—not because he viewed it as error but rather because he viewed it as beneficial. Before us, Appellant asserts that the admission of this testimony was error.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). Failure to object forfeits appellate review absent plain error. *United States v. Eslinger*, 70 M.J. 193, 197–98 (C.A.A.F. 2011). To establish plain error, Appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)) (internal quotation marks omitted).

Evidence of Appellant's rehabilitative potential is permissible at sentencing. Rule for Courts-Martial (R.C.M.) 1001(b)(5)(A). However, "[a] witness may not offer an opinion regarding the appropriateness of a punitive discharge or whether the accused should be returned to the accused's unit." R.C.M. 1001(b)(5)(D). This restriction applies to both government and defense sentencing evidence. *United States v. Ohrt*, 28 M.J. 301, 304–05 (C.M.A. 1989). "[A]ppropriateness of punishment" is an issue to be decided by the sentencing authority and "cannot be usurped by a witness." *Id*. at 305.

The sentencing authority in this case was a military judge. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)).

In the sentencing context, we most frequently apply that precedent with respect to allegedly improper arguments. The Court of Appeals for the Armed Forces has recognized, "[a]s part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Id*.

In *Elsinger*, the defense introduced sentencing testimony from three witnesses, all of whom opined that Elsinger should remain in the service. 70 M.J. at 196. In response, trial counsel presented rebuttal witnesses who testified either that Elsinger should not return to his unit or be discharged. *Id.* at 196–97. On appeal, Elsinger argued that the rebuttal witnesses were improperly allowed to offer retention evidence. *Id.* at 197.

Because *Elsinger* dealt with prosecution rebuttal witnesses, our superior court's finding that R.C.M. 1005(b)(1) does not apply to rebuttal witnesses does not address the issue before us. However, in reaching its conclusion, our superior court outlined the analytic framework that guides our analysis in this case.

Reaffirming its decision in *United States v. Griggs*, 61 M.J. 402, 409 (C.A.A.F. 2005), the court noted that R.C.M. 1001(b)(5)(D) does not preclude evidence that a

defense witness would willingly serve with the accused. *Id.* at 198. "This conclusion was based in part on the fact that 'so-called "retention evidence" is a classic matter in mitigation, which is expressly permitted to be presented by the defense.'" *Id.* (quoting *Griggs*, 61 M.J. at 409). The court also noted that "there can be a thin line between an opinion that an accused should be returned to duty and the expression of an opinion regarding the appropriateness of a punitive discharge." *Id.* (quoting *Griggs*, 61 M.J. at 409) (internal quotation marks omitted). Finally, the court concluded R.C.M. 1001(b)(5)(D) does not apply to defense mitigation evidence, and "specifically does not preclude evidence that a witness would willingly serve with the accused again." *Id* at 198 (quoting *Griggs*, 61 M.J. at 409) (internal quotation marks omitted).

A matter in mitigation is something "introduced to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency." R.C.M. 1001(c)(1)(B). Mitigation evidence includes "evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember." *Id*.

Against this legal landscape, we cannot say that the admission of CMSgt MB's testimony was error, let alone plain error. First, the testimony was offered by defense counsel without any request that the military judge disregard the final clause in the answer. Second, the answer at issue was a very small portion of the witness' testimony, which CMSgt MB summed up as follows: "He's young. He's 20 years old. He's—has a very good work ethic. He never shirks his responsibility as far—if I've asked him something, even if it's to get himself—he might be in a little bit of trouble, he's—he's always been truthful with me. So I really—I can only base it on those conversations, meaning he's—he's—he'll do well. I believe he'll do well." Third, at the time of the admission of the testimony, based on the context in which it was offered, the military judge could reasonably have concluded that it fell within the definition of "mitigation evidence."

Although we conclude that there was no error and that even if there were, it was not plain or obvious, we also discern no substantial prejudice to Appellant arising from the admission of this evidence. As noted above, the sentencing authority was a military judge who is presumed to know that the determination of an appropriate sentence was solely within his purview. *Erickson*, 65 M.J. at 225. In addition to the crimes for which he was court-martialed, Appellant's short two years of military service were marred by punishment under Article 15, UCMJ, 10 U.S.C. § 815, for consuming alcohol underage, a vacation of suspended punishment from that Article 15 after he disobeyed a lawful general order, a letter of counseling, a referral enlisted performance report, and the establishment of an unfavorable information file.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[*]

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

---

[*] Although not raised as an assignment of error, Appellant notes that 37 days elapsed between the convening authority's action and the case's docketing with this court. As that exceeds the 30-day period established by *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), it is presumptively unreasonable. Appellant asserts no prejudice and we discern none from the record, thus we find that relief under *Moreno* is not warranted. We also decline to grant relief even in the absence of a showing of prejudice. *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).

ACM 38744