# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist HUGO E. CASTILLEJO**
**United States Army, Appellant**

ARMY 20130507

Headquarters, 7th Infantry Division
David L. Conn, Military Judge (trial)
Stefan R. Wolfe, Military Judge (pretrial motions)
Major Christopher M. Ford, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate (recommendation)

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick A. Crocker, JA (on brief); Major Christopher D. Coleman, JA; Captain Cody Cheek, JA (on brief in response to specified issues).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief in response to specified issues).

20 June 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault and one specification of abusive sexual contact, both in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, three months confinement, forfeiture of $785.00 pay per month for three months, and reduction to the grade of E-1.  The convening authority approved the findings and sentence as adjudged.

CASTILLEJO—ARMY 20130507

Appellant's case is before this court for review under Article 66, UCMJ.  As our relief consists of setting aside the findings and sentence, we need not discuss the three assignments of error raised by appellant or the matters personally submitted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  This court specified the issue following issue which we find merits discussion and relief:

> WHETHER PUBLISHING TO THE PANEL PORTIONS OF THE APPELLANT'S STATEMENT CONTAINED IN PROSECUTION EXHIBIT TWO FOR IDENTIFICATION WITHOUT ITS ADMISSION INTO EVIDENCE CONSTITUTES ERROR.

## BACKGROUND

During appellant's trial the government played certain portions of the appellant's interview with a U.S. Army Criminal Investigation Command (CID) Special Agent (SA).  These excerpts were played for the panel without ever being admitted into evidence.  Because the government informed the court that it did not have a disk containing only the portions it wished to publish, the military judge felt the need to advise the panel that they would not have this piece of "evidence" when they closed to deliberate.  The military judge made the following statement to the panel

> Members, I guess, before we do play this I want to advise you that you will not have this DVD, the recording, to take back with you.  So what you are going to hear is going to be your opportunity to review this evidence, so, just so that you're aware.  Typically, you would have the recording; but under the circumstances we're just going to play it for you since we're only playing portions rather than the entire interview.  So, just for your purposes, you will have to rely on your notes and your memory with regard to the exact contents of the statement.

Trial counsel then proceeded to play portions of the interview for the panel.  Both the military judge and trial counsel referred to these excerpts as evidence at various stages of the trial both before and after its publication to the panel.  Trial counsel referred to the excerpts during closing and rebuttal argument.

## DISCUSSION

As no objection was levied during the publication of the exhibit, the military judge's instructions, or the trial counsel's closing, we review for plain error. *See United States v. Knapp*, 73 M.J. 33 (C.A.A.F. 2014).  This court looks for plain error

2

by employing a three-pronged test: 1) an error exists, 2) the error is plain or obvious, and 3) the error materially prejudiced a right of the accused. *Knapp*, 73 M.J. at 36; *see also United States v. Erickson*, 65 M.J. 221, 223-24 (C.A.A.F. 2007) (holding that an appellant must prove not only that there was error but also that it was plain or obvious and materially prejudicial to a substantial right).

We find that an error was made when trial counsel published portions of the appellant's CID statement to the panel without its admission into evidence. Appellant cites to *United States v. Daily*, 18 C.M.R. 428 (N.B.R. 1955), as persuasive authority to find that publication of a recording without admitting it into evidence is plain and obvious error. Appellee cites to a different persuasive authority to reach the contrary conclusion that there was not error. *United States v. Darby*, 5 C.M.R. 840 (A.F.B.R. 1952). We find *Daily* to be more persuasive. In *Darby*, the record reflected an express offer of the exhibit into evidence, despite no ruling on its admissibility by the president. *Id.* at 841. The court found "more than ample indications in the record that [the exhibit] was actually admitted into evidence even though no express words so admitting it were spoken by the president. *Id.* In *Daily*, the recorded statement was neither offered nor admitted into evidence prior to its publication to the panel. *Daily*, 18 C.M.R. at 430. Likewise in the case at hand, the recorded CID statement was neither offered nor admitted into evidence. Indeed, this court does not find "ample indications" that the recorded CID statement was even offered into evidence, much less admitted.

We next find that this error was plain and obvious. In *United States v. Nunez*, ARMY 20100703, 2012 CCA LEXIS 176 (Army Ct. Crim. App. 11 May 2012) (mem.op.), this court held that publishing a photographic exhibit to the panel without admitting it into evidence was plain and obvious error. The similar set of facts between *Nunez* and the case at bar merits a consistent holding. Before being published to the panel, the prosecution exhibit was referenced by the military judge as evidence in the trial. However, during an Article 39(a), UCMJ, session, trial counsel and the military judge discussed the fact that the video exhibit was never offered or admitted into evidence.

Finally, we find that this error materially prejudiced a substantial right of the accused. "[A]n obvious error materially prejudices the substantial rights of the accused when it has an 'unfair prejudicial impact on the [court members'] deliberations.'" *United States v. Knapp*, 73 M.J. 33, 37 (C.A.A.F. 2014) [citing *United States v. Powell*, 49 M.J. 460, 463 (C.A.A.F. 1998)(internal citations omitted). When we assess prejudicial impact, we look to "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005). We agree with appellant to the effect that the government's use of the video exhibit was "extensive, pervasive, and highly prejudicial." Before publishing the exhibit to the panel members, the military judge referred to the

exhibit as evidence. Clearly the members were expected to consider the recording of the accused's statement as evidence, and the only reason the members did not have access to the video during deliberations was due to technical insufficiencies in the government's software. The substance of the video was likely highly prejudicial to the outcome of the trial.[*] While it is not clear precisely what portions of the DVD were played before the panel, it is evident from the record that significant portions of the appellant's interview with CID were played. This video was also referenced throughout the entire trial, and trial counsel referred to it as evidence for the panel to consider in its deliberations. Furthermore, despite acknowledging that the video statement was published to the panel but never admitted into evidence, the military judge gave no curative instruction to the panel. Accordingly, we cannot be reasonably confident that the accused was convicted on the basis of the evidence alone.

## CONCLUSION

On consideration of the entire record, we find the military judge committed plain error that prejudiced a substantial right of the appellant. The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority. *See generally* R.C.M. 810.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] It is impossible for this court to assess the full weight of the exhibit's prejudicial impact, because there are discrepancies in the record concerning exactly which time hacks of the DVD were played for the panel. *Compare* R. at 180 (the prosecution states its intended time hacks), *with* R. at 186 (the defense alleges it has been using different time hacks).