**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman CLAYTON G. BRIDGES II**
**United States Air Force**

**ACM S32157**

**15 October 2014**

Sentence adjudged 5 June 2013 by SPCM convened at Barksdale Air Force Base, Louisiana. Military Judge: Lynn Schmidt[1] (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 2 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Nicholas D. Carter.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge convicted the appellant, in accordance with his pleas, of wrongful distribution of marijuana, wrongful use of marijuana, and wrongful use of an amphetamine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 2 months, and reduction to E-1.

---

[1] Prior to this opinion being issued, the military judge's last name was changed from Schmidt to Watkins.

On appeal the appellant raises three assignments of error: (1) the addendum to the staff judge advocate's recommendation (SJAR) failed to adequately address legal errors raised by the defense; (2) the military judge committed plain error by allowing improper sentencing argument; and (3) trial defense counsel provided ineffective assistance by failing to secure and offer certain mitigation evidence.

*Background*

The appellant smoked marijuana on 10 to 20 occasions after entering the Air Force in March 2009. He also used Adderall, an amphetamine and a Schedule II controlled substance, on more than 20 occasions between August 2012 and January 2013. He purchased Adderall from other Airmen who had valid prescriptions for the drug. In December 2012, the appellant distributed 3.5 grams of marijuana to an Airman who, unbeknownst to the appellant, was working with agents from the Air Force Office of Special Investigations (OSI).

When interviewed under rights advisement in January 2013, the appellant admitted to this misconduct. In a stipulation of fact admitted at trial, the parties concurred that, "[a]fter his interview with the OSI, and his confessions to OSI, the Accused agreed to work with OSI to assist in an investigation OSI was conducting against two other Airmen. One of these Airmen has been convicted . . . and the second Airman is awaiting court-martial." During her sentencing argument, trial defense counsel made repeated reference to the appellant's assistance to OSI, noting that he "cooperated with them to help bring down other drug users and distributors in the Air Force."

*SJAR Addendum*

The appellant argues that the SJAR addendum in this case failed to properly address legal issues raised by trial defense counsel in her clemency submissions to the convening authority. We disagree.

After the SJAR was served upon trial defense counsel, the defense submitted a clemency request urging the convening authority to disapprove the adjudged bad-conduct discharge. Among several bases for this request was an allegation that the Government violated its discovery obligations by failing to provide complete pretrial discovery related to the appellant's service as a confidential informant. Specifically, trial defense counsel complained that she learned after trial the appellant "was an official confidential informant" (CI) for OSI, as opposed to someone who had only been promised immunity.[2] In the SJAR addendum, the staff judge advocate (SJA) made no specific reference to this

---

[2] Trial defense counsel and the appellant appear to ascribe considerable significance to the fact that the appellant not only assisted the Air Force Office of Special Investigations in two other investigations but had also been designated an "official" confidential informant (CI). We find, however, no materiality in this designation for purposes of analyzing the issues in this case.

alleged legal defect. The SJA did, however, advise the convening authority that he "must consider" the clemency request. The SJA added, "I also reviewed the attached clemency matters submitted by the defense. My earlier recommendation remains unchanged. I recommend that you approve the findings and sentence as adjudged."

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Rule for Courts-Martial (R.C.M.) 1106(d)(4) requires the SJA to:

> [S]tate whether, in [his] opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 . . . . The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required.

Even if an SJA errs in this regard, relief is not automatically warranted. *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.*

Here, we see no reasonable possibility that the SJA's failure to explicitly reference the legal error alleged by the defense prejudiced the appellant under the facts of this case. As noted below, we have analyzed the legal error and found no merit to it. Furthermore, the appellant presented information on his "official CI" status to the convening authority as part of the clemency submission. Accordingly, the appellant was not prejudiced by any failure of the SJA in responding to the defense's claim of legal error.

*Trial Counsel's Sentencing Argument*

During sentencing argument, trial counsel referenced a portion of the stipulation of fact wherein the parties agreed the appellant "would experience a 'crash' feeling and could tell the Adderall was wearing off." Trial counsel argued, "If he was called to duty when he was experiencing one of these crashes, he would have negatively affected the mission." Claiming this argument was improper, the appellant urges us to set aside his sentence and order a rehearing. We decline to do so.

Improper argument "is a question of law that [we] review de novo." *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011). Because trial defense counsel failed to object to trial counsel's argument, we review the issue for plain error. *See United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). To prevail under a plain error analysis, the appellant must show "'(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right'" of the appellant. *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)).

"A trial counsel is charged with being a zealous advocate for the Government." *United States v. Barrazamartinez*, 58 M.J. 173, 176 (C.A.A.F. 2003) (citations omitted). As a zealous advocate, trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citing *United States v. Nelson*, 1 M.J. 235, 239 (C.M.A. 1975)). During sentencing argument "trial counsel is at liberty to strike hard, but not foul, blows." *Baer*, 53 M.J. at 237. Trial counsel may not "seek unduly to inflame the passions or prejudices" of the sentencing authority. *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983).

Citing *Marsh*, the appellant argues that trial counsel's reference to potential mission impact from his drug abuse constituted plain error. In response, the Government argues that the present case is distinguishable from *Marsh*.

We need not, however, address whether the argument of trial counsel was proper or improper. As our superior court has stated, "[m]ilitary judges are presumed to know the law and to follow it absent clear evidence to the contrary. As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Erickson*, 65 M.J. at 225 (citation omitted).

The appellant fails to provide any evidence that would rebut the presumption. Nothing in the record suggests the military judge was biased or swayed by the comment. Furthermore, trial defense counsel pointed out there was no evidence the appellant was using or experiencing the effects of the drugs while on duty at the base, nor any evidence of a negative impact on the unit. We are convinced that, even if the comment by trial counsel was improper, there was no prejudice to any substantial right of the appellant. We do not find "trial counsel's comments, taken as a whole, [to be] so damaging that we cannot be confident' that [the appellant] was sentenced 'on the basis of the evidence alone." *Erickson*, 65 M.J. at 224 (citation and internal quotation marks omitted).

*Ineffective Assistance of Counsel*

The appellant also argues his trial defense counsel was ineffective by failing to obtain and offer evidence of the appellant's service as an OSI informant.

This court reviews claims of ineffective assistance of counsel de novo. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The deficiency prong requires an appellant to show the performance of counsel fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In doing so, the appellant "must surmount a very high hurdle." *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997) (citing *Strickland*, 466 U.S. at 689). This is because counsel are presumed competent in the performance of their representational duties. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001). Thus, judicial scrutiny of a defense counsel's performance must be "highly deferential and should not be colored by the distorting effects of hindsight." *United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (citing *Moulton*, 47 M.J. at 229). Moreover, "we need not determine whether any of the alleged errors [in counsel's performance] establish[ ] constitutional deficiencies under the first prong of *Strickland*, [if] any such errors would not have been prejudicial under the high hurdle established by the second prong of *Strickland*." *United States v. Saintaude*, 61 M.J. 175, 183 (C.A.A.F. 2005).

As noted above, the appellant entered into a stipulation of fact with the Government which established that he had assisted OSI in bringing to trial two drug offenders. Based upon our review of the record, we are satisfied that this stipulation captured the essence of the service provided to OSI by the appellant. The appellant has not provided this court with information on how his designation as a "confidential informant" would have materially changed the presentation of the defense sentencing case, the sentence adjudged by the military judge, or the sentence approved by the convening authority. Trial defense counsel made effective arguments regarding this service as a matter in mitigation to the military judge and convening authority. We find neither any deficiency in the performance of trial defense counsel, nor any prejudice to the appellant. Accordingly, this assignment of error is without merit.[3]

---

[3] The appellant does not raise a claim on appeal that he actually was denied adequate discovery of any CI information. We have, however, reviewed this matter. *See* Rule for Courts-Martial 701(a)(6) (requiring trial counsel to disclose evidence which reasonably tends to negate guilt, reduce the degree of guilt, or reduce the punishment); *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the Government must disclose evidence that is favorable to the accused and material to either guilt or punishment). We find in the record no evidence of any discovery violation by the Government.
.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32157