****CORRECTED COPY – DESTROY ALL OTHERS****

# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Technical Sergeant MICHAEL L. MERRITT
### United States Air Force

### ACM 38653

### 10 September 2015

Sentence adjudged 18 March 2014 by GCM convened at Francis E. Warren Air Force Base, Wyoming. Military Judge: Grant L. Kratz (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 25 years, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

Appellant was convicted by a general court-martial comprised of a military judge alone, consistent with his pleas, of attempted kidnapping, aggravated sexual assault of a child, abusive sexual contact with a child, indecent liberties with a child, sexual abuse of a child, sodomy of a child, battery of a child, kidnapping, and indecent acts with a child, in violation of Articles 80, 120, 120b, 125, 128, 134, UCMJ, 10 U.S.C. §§ 880, 920, 920b, 925, 928, 934. The court sentenced him to a dishonorable discharge, confinement for 50 years, forfeiture of all pay and allowances, and reduction to E-1. The convening

authority lowered the confinement to 25 years in accordance with a pretrial agreement, disapproved the adjudged forfeitures, and approved the remainder of the sentence as adjudged.

On appeal, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues (1) his reduction in rank should be set aside or reduced for the benefit of his dependents, (2) the military judge erred in permitting the government to present recidivism evidence in sentencing, and (3) the trial counsel made an improper sentencing argument. Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

The sexual offenses in this case stemmed from Appellant's long-term sexual abuse of a child over a ten year period, beginning when she was five. The appellant was also convicted of battery for kissing another 10-year-old child on the mouth with the intent to gratify his sexual desires. In 2012, he approached two young girls (ages 6 and 7) in base housing and persuaded them to approach his car under the guise of going to see kittens. He drove away with one child after the other hesitated and did not get in the car. The child escaped from his car while at a stop sign.

*Sentence Appropriateness*

Part of Appellant's approved sentence included reduction to E-1. By operation of law, this aspect of his sentence would take effect 14 days after his sentence was announced. *See* Article 57(a), UCMJ, 10 U.S.C. § 857(a). The convening authority granted Appellant's request for deferral and waiver of the automatic forfeitures that also took effect 14 days after Appellant was sentenced, and these funds were paid to Appellant's spouse. The convening authority, however, did not do the same for the reduction in rank, stating he believed the interests of good order and discipline would be best served by the reduction taking effect as scheduled. He also denied Appellant's later request in clemency that the reduction in rank be disapproved. Appellant now asks us to either set aside his reduction or approve a reduction to a grade higher than E-1 so his family can receive additional funds.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *see also United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96

(C.M.A. 1988). We assess sentence appropriateness by considering Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial. *See United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007). Applying these standards to the present case, we do not find Appellant's sentence inappropriately severe.

*Sentencing Evidence*

During sentencing, the government called a psychologist who specialized in treating abused children. The defense did not object to his being considered an expert in child sexual abuse and sex offender behavior, treatment, and recidivism. Because he had not interviewed Appellant or reviewed any of his records, the expert admitted he could not provide a "likelihood" regarding Appellant's risk of recidivism. When asked, however, if he had a "general opinion" about Appellant's recidivism risk, the expert replied,

> Given the long-term nature; given that he was focused on prepubescent girls; the fact that he collected erotica; the fact that the [sic] scripted; the fact that he did the stranger-danger stuff; the fact that he did different types of sexual abuse; the fact that it probably started, from the information I got, at a very early age all suggest that it's going to be a hard process for him. Recidivism rate for him, in my opinion, is high.

After the expert then answered several questions about the definition of "stranger-danger," the defense objected, contending that delving into the reasons behind his "high recidivism" assessment was improper. The military judge responded,

> Well, for the record, let me just state that I interpreted the expert's opinion regarding recidivism rate as a simple opinion and the follow-up question is not relating to—not further discussing that evaluation, but explaining the accused's actions and giving the court a better knowledge as to how his actions relate to the psychology. . . . [T]he objection is overruled. Trial Counsel, you may proceed.

The expert then defined what he meant by "scripting" (Appellant saying things to the victim to enhance his sexual pleasure). The expert also characterized Appellant's collection of photographs of pre-teen girls as a "paraphilia" as the collection suggested he had them for a sexual purpose. He also found unusual Appellant's decision to pose his victim in various positions.

After the expert testified that some sex offenders' fantasies and desires lead them to engage in sexually-inappropriate behavior regardless of the risk to themselves, the trial counsel asked how this affected the expert's opinion on Appellant's recidivism. The military judge then sustained a defense objection. In doing so, he indicated he would consider the testimony elicited from the expert only as an aggravating circumstance of the offenses, and would not consider it evaluating the expert's opinion on Appellant's rehabilitation potential.

The expert then testified Appellant "may have started out as a situational offender" (defined as someone who acts impulsively) but "now he seems to be—a lot of his behavior seems to—seemed to have been . . . preferential" (defined as someone who is fantasy driven and has the sexual behavior more a part of his life). The expert also stated Appellant would find rehabilitation difficult and it would require an extended period of time for him to learn a new pattern of behavior. After consulting the defense's expert consultant, the defense counsel did not ask the government expert any questions.

On appeal, pursuant to *Grostefon*, Appellant argues the military judge should not have allowed the expert to testify that Appellant had a high rate of recidivism. We disagree.

A military judge's decision to admit sentencing evidence is reviewed for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). Failure to object forfeits appellate review absent plain error. *United States v. Eslinger*, 70 M.J. 193, 197–98 (C.A.A.F. 2011); Rule for Courts-Martial (R.C.M.) 1001(b)(2). The appellant did not object to this aspect of the expert's testimony at trial. In order "[t]o prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

The admission of this testimony was not plain error. Such recidivism evidence has been deemed admissible in courts-martial. *See, e.g., United States v. Frey*, 73 M.J. 245, 250 (C.A.A.F. 2014) (holding recidivism "is a question requiring expert testimony"); *United States v. Ellis*, 68 M.J. 341, 347 (C.A.A.F. 2010). The limitations of the expert's opinion were discussed as part of his testimony. The military judge explained the limited and appropriate purpose for which he would consider the expert's testimony. Under these circumstances, we find no plain error that materially prejudiced a substantial right of Appellant.

*Sentencing Argument*

The trial counsel's sentencing argument included the following:

So, sir, our recommendation here on behalf of the United States and, yes, this is the individual suggestion of counsel as you would make it clear to the members if they were there, but, sir, I offer this number on behalf of the United States; I offer it on behalf of [the victims]. Sir, I offer it on behalf of the base population at Ramstein Air Base. I offer it on behalf of everybody who's served with the accused and thought he was something that he wasn't. I offer it on behalf of everyone who came this week and listened to this, took time out of their schedules and their mission and had somebody fill in for them so that they could take the message back, we offer this recommendation not lightly, sir: 40 years confinement, dishonorable discharge, total forfeitures, reduction to the rank of E-1.

Although he did not object at trial, Appellant now contends, pursuant to *Grostefon*, that this aspect of the trial counsel's argument was improper because it unduly inflamed the passions or prejudices of the sentencing authority through its reference to the entire base population and those who served with Appellant or attended the court-martial.

Our test for improper argument is "whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). During sentencing argument, "the trial counsel is at liberty to strike hard, but not foul, blows." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *Baer*, 53 M.J. at 237) (internal quotation marks omitted). It is improper for trial counsel to seek unduly to inflame the passions and prejudices of the sentencing authority. *United States v. Marsh*, 70 M.J. 101, 102 (C.A.A.F. 2011). Counsel should limit their arguments to "the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Baer*, 53 M.J. at 237. The failure of trial defense counsel to object to the argument of trial counsel constitutes forfeiture of the issue on appeal in the absence of plain error. R.C.M. 919(c); *see also United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007).

Here, even if this aspect of the trial counsel's argument were improper, we find no material prejudice to any substantial right of Appellant. His case was tried before a military judge sitting alone. Military judges are presumed to know and follow the law absent clear evidence to the contrary. *Erickson*, at 224. Our superior court has also recognized, "As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Id.* Although the military judge did adjudge a sentence above the maximum sentence requested by the trial counsel, we do not consider this to be evidence rebutting the presumption that the military judge knew and followed the law or that the military judge was improperly

swayed by the comments to which Appellant takes exception. Furthermore, we are confident Appellant was sentenced on the basis of the evidence alone. *See United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (holding that reversal is appropriate only when the trial counsel's comments, taken as a whole, "were so damaging that we cannot be confident that [Appellant] was sentenced on the basis of the evidence alone").

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38653