**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant JAMES E. FRADY, JR.**
**United States Air Force**

**ACM S32264**

**10 December 2015**

Sentence adjudged 12 August 2014 by SPCM convened at Joint Base
Andrews, Maryland.  Military Judge:  Tiffany Wagner (sitting alone).

Approved Sentence:   Bad-conduct discharge, confinement for 1 month,
forfeiture of $1,021.00 pay for one month, and reduction to E-1.

Appellate Counsel for Appellant:  Major Anthony D. Ortiz; Captain Travis
L. Vaughan; and Captain Lauren A. Shure.

Appellate Counsel for the United States:   Major Mary Ellen Payne;
Gerald R. Bruce, Esquire; and Mr. Tyler Smith (civilian intern).[1]

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent
under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a judge alone special court-martial, Appellant was convicted, consistent with
his plea and in accordance with a pretrial agreement, of divers uses of cocaine, divers
uses of ketamine, divers uses of methylenedioxymethamphetamine (MDMA), divers
distributions of MDMA, and divers distributions of cocaine, in violation of Article 112a,

---

[1] Mr. Tyler Smith was not a licensed attorney during his participation in this case.  In accordance with AFCCA
Rules of Practice and Procedure 6.1, he was supervised by attorneys admitted to practice before this court.

UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for one month, forfeiture of $1,021.00 pay for one month, and reduction to E-1. The convening authority approved the sentence as adjudged.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant contends that trial counsel's sentencing argument was improper and that his sentence is inappropriately severe. While we disagree as to these alleged errors, we order a new action and promulgating order.

*Background*

Over approximately a five-month period from late 2013 to early 2014, Appellant repeatedly used cocaine, MDMA, and ketamine with his roommate and friends. He used these drugs at his off-base residence—while hosting parties—as well as at bars and nightclubs. He also provided MDMA and cocaine to his friends during the same time, though he did not sell or profit from these distributions. Appellant's drug use was discovered after he failed a urinalysis.

During sentencing, the Government admitted three letters of reprimand and four letters of counseling, documenting infractions including disrespecting a senior non-commissioned officer, failure to obey a lawful order, multiple failures to go, and irresponsible consumption of alcohol. The majority of these infractions occurred in the year prior to the charged offenses, though one of the failures to go occurred during the timeframe of the charged conduct. In addition, the Government offered Appellant's enlisted performance evaluations. These evaluations reflected a noticeable drop in Appellant's performance beginning approximately a year prior to the charged offenses.

*Sentencing Argument of Trial Counsel*

Appellant argues that trial counsel committed error during the Government's sentencing argument when purportedly arguing to the military judge that Appellant should be punished more harshly because of his uncharged misconduct and poor performance evaluations, and that the Government argued facts not in evidence by asserting Appellant's drug use impacted his work performance.

Trial defense counsel did not object to the argument regarding the uncharged misconduct but did object to trial counsel's comment that "we can reasonably infer that one who snorts cocaine and is able to stay up and have energy cannot walk into work after a long weekend on Monday with a clear state of mind." The military judge overruled defense's objection, though clarified that she would "keep in mind what [she] can and cannot consider." The Government did not argue this point further.

Whether argument is improper is a question of law we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011) (citing *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011)). If trial defense counsel failed to object to the argument at trial, we review for plain error. *Id.* To establish plain error, Appellant must prove: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (internal quotation marks omitted).

"[T]rial counsel is at liberty to strike hard, but not foul, blows." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). Trial counsel is limited to arguing the evidence in the record and the inferences fairly derived from that evidence. *See United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007); *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993). Whether or not the comments are fair must be resolved when viewed within the entire court-martial. *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001). It is appropriate for counsel to argue the evidence, as well as all reasonable inferences fairly derived from such evidence. *United States v. Nelson*, 1 M.J. 235, 239 (C.M.A. 1975).

We find no material prejudice to any substantial right of Appellant. His case was tried before a military judge sitting alone. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *Erickson*, 65 M.J. at 225. Our superior court has also recognized, "As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Id.* Here, the military judge reassured counsel that she was aware of what she could and could not consider as a military judge. Additionally, the comments that Appellant now asserts were error constituted only a small portion of trial counsel's argument. Upon considering the full context of the sentencing argument, we determine that Appellant's claimed errors did not materially prejudice a substantial right.

*Sentence Appropriateness*

Appellant also argues that a bad-conduct discharge for multiple uses of cocaine, MDMA, and ketamine, as well as multiple distributions of cocaine and MDMA, is inappropriately severe. We disagree.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *See United States v. Nerad*, 69 M.J. 138, 141 (C.A.A.F. 2010) (quoting *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957)). This authority is "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting

*United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted). This task requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (1959)) (internal quotation marks omitted). In conducting this review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *United States v. Lacy*, 50 M.J. 286, 287–88 (C.A.A.F. 1999)).

We have given individualized consideration to this particular Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find that the approved sentence of a bad-conduct discharge, confinement for one month, forfeiture of $1,021.00 pay for one month, and reduction to E-1 was within the discretion of the military judge and convening authority; was legally appropriate based on the facts and circumstances of this particular case; and was not inappropriately severe.

### Post-Trial Processing

The court-martial promulgating order (CMO) failed to correctly number the specifications.[2] *See* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 10.8.2.2 (6 June 2013) (requiring that the CMO accurately list the charges and specifications on which the accused was arraigned, along with the plea and finding).

While such errors in a CMO would normally not merit a new action and could be remedied by a corrected CMO, in this case the convening authority approved the adjudged findings and sentence by signing the CMO rather than signing a separate initial action. The CMO apparently served the dual purpose of both the promulgating order and the initial action.[3] When an action contains clerical errors, we may direct the convening authority to withdraw the original action and substitute a new action. R.C.M. 1107(g). As a portion of what constituted the action contained clerical errors, we order a new action and new promulgating order.

---

[2] Additionally, "USAF" was omitted following Appellant's social security number and there were errors in the distribution list.

[3] Air Force Instructions and the *Manual for Courts-Martial* both contemplate an initial action that is separate from the court-martial promulgating order (CMO). *Compare* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.25 (6 June 2013) ("Prepare convening authority's initial action in accordance with RCM 1107(f) and the guidance in the MCM, Appendix 16. Samples of a convening authority's initial action are at Figure 9.10."), *with* AFI 51-201, ¶ 10.1 ("Use the guidance in RCM 1114, Appendix 17, and Figures 10.1 through 10.9 to prepare and issue CMOs."). As we direct the convening authority to withdraw and correct the errors in the promulgating order/action, it is unnecessary for us to resolve whether it is error to use a convening authority's personally authenticated CMO as both a promulgating order and initial action. Regardless of whether it constitutes error, it is at the very least a recommended practice to conform to the specific post-trial processing procedures set forth in the *Manual* and the relevant Air Force Instructions. Such an approach necessarily minimizes the potential for errors and expedites post-trial review and processing.

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the original action and to substitute a new action and promulgating order.  R.C.M. 1107(g).  Thereafter, Article 66, UCMJ, shall apply.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32264