# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JAMESON T. HAZELBOWER**
**United States Army, Appellant**

ARMY 20150335

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue (on brief).

12 October 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of desertion, four specifications of rape, two specifications of rape of a child, two specifications of sexual abuse of a child, sexual assault of a child, and possession of child pornography, in violation of Articles 85, 120, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 920, 920b, and 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for fifty years, and forfeiture of all pay and allowances. Appellant received 201 days of confinement credit. The convening authority approved the sentence as adjudged.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no

relief. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant relief.[1]

## BACKGROUND

Appellant stands convicted of sexual offenses against three different victims, AA, SC, and MB. The military judge granted a government motion, over defense objection, to allow use of the charged sexual misconduct for Mil R. Evid. 413 and 414 purposes to show appellant's propensity to commit the charged sexual misconduct. Appellant alleges the military judge abused his discretion in so ruling. The military judge also allowed evidence of uncharged misconduct to show appellant's propensity to commit the charged offenses. After hearing the evidence and arguments from both trial and defense counsel, which included argument

---

[1] Appellant personally asserts, *inter alia*, in an unsworn submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), his trial defense counsel, Captain (CPT) G and (Mr.) P, were ineffective because they: (1) failed to object at several critical periods of the trial, specifically to the introduction of hearsay statements of SC in Prosecution Exhibit 30, where SC repeatedly alleges that appellant raped her, and by failing to effectively attack SC's assertions on cross-examination; and (2) failed to object to the improper introduction of Mil. R. Evid. [hereinafter Mil. R. Evid.] 413/414 evidence concerning AH, C, and G. We disagree with these assertions. Under the circumstances of this case, we see no need to order affidavits from CPT G and Mr. P (regarding their trial strategy or tactics) or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The facts in appellant's allegations— even if true—"would not result in relief." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Regarding Prosecution Exhibit 30 and the testimony of SC, the direct testimony of SC essentially encompasses the contents of Prosecution Exhibit 30, and the cross-examination of SC clearly demonstrates defense counsel's strategy of attacking the veracity of SC's assertions by pointing out her Skype messages, which could indicate her possible consent to the sexual encounters between her and appellant. The Mil. R. Evid. 413/414 evidence to which appellant points consists of appellant's uncharged misconduct with individuals other than the victims in this case. Appellant's submission "consists…of speculative [and] conclusory observations." *Ginn*, 47 M.J. at 248. Furthermore, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of [appellant's allegations]." *Id*. Applying the first, second, and fourth *Ginn* principles to appellant's unsworn submission, we reject appellant's ineffective assistance claims.

concerning propensity evidence, the military judge found appellant guilty of all charges and specifications.

## LAW AND DISCUSSION

Appellant alleges our superior court's holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), is controlling in this case and warrants a reversal of the military judge's findings of guilty and the sentence. Appellant further asserts that propensity evidence was erroneously applied during sentencing proceedings. We disagree.

We have considered our superior court's holding in *Hills*, that it was error for the military judge, in a members trial, to admit charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit the charged offenses. *Id.* at 357. Consistent with the facts in *United States v. Hukill*, appellant in the instant case elected to be tried by a military judge sitting alone. ARMY 20140939, 2016 CCA LEXIS 505, *1 (Army Ct. Crim. App. 16 Aug. 2016) (mem. op.). Unlike in *Hills*, there is no danger in a judge alone trial of piercing the presumption of innocence with contradictory or erroneous panel instructions. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *Hukill*, 2016 CCA LEXIS 505, at *4 (citing *United States v. Erickson,* 65 M.J. 221, 225 (C.A.A.F. 2007).

As in *Hukill*, we find that there is nothing in the record to suggest that the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against appellant. In addition, in the context of ruling on the use of propensity evidence during the sentencing portion of the trial, the military judge stated:

> The Court has, in fact, conducted an M.R.E 403 balancing test on those three pieces of propensity evidence and has found that they are admissible for sentencing purposes and again, the Court will provide a written ruling to that effect, and importantly, the Court notes that that evidence was also considered during the findings only for the limited purpose of propensity and the court used it only for that limited purpose and it had little to no effect on the Court's deliberations and findings, even though the Court finds it was properly admissible.

It is clear from this ruling that the military judge was well aware of the limits of propensity evidence in this case. There is no danger the military judge trampled upon appellant's presumption of innocence.

In light of the military judge's characterization of his use of propensity evidence on the record, we are satisfied the military judge's view on the admissibility of propensity evidence involving the victims of the charged offenses under Mil. R. Evid. 413 and 414 was harmless beyond a reasonable doubt. We find no risk that the military judge applied an impermissibly low standard of proof concerning both the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt. We find nothing in the record to suggest that the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against appellant.

## CONCLUSION

On consideration of the entire record, including the matters personally raised by the appellant pursuant to *Grostefon*, the findings and sentence as approved by the convening authority are AFFIRMED.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

4