# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39010

————————————

### UNITED STATES
*Appellee*

v.

### Shannon L. KOUTSOVALAS
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 April 2017

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 13 months, and reduction to E-1. Sentence adjudged 16 November 2015 by GCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Major Mark C. Bruegger, USAF.

*For Appellee:* Lieutenant Colonel Lance R. Smith, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SANTORO, and C. BROWN, *Appellate Military Judges*

Judge SANTORO delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SANTORO, Judge:

A military judge sitting as a general court-martial convicted Appellant, pursuant to her pleas, of wrongfully using and possessing methamphetamine, wrongfully possessing Clonazepam, and operating a vehicle while drunk and

impaired by alcohol and methamphetamine, in violation of Articles 112a and 111, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 911. The adjudged and approved sentence was a bad-conduct discharge, confinement for 13 months, and reduction to E-1.

Appellant raises three assignments of error, all pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) she was subjected to illegal pretrial punishment under Article 13, UCMJ; (2) trial counsel's sentencing argument was improper; and (3) her sentence is unduly severe. We disagree and affirm.

## I. BACKGROUND

Appellant was selected to provide a urine sample as part of a random inspection. Her sample tested positive for the presence of the methamphetamine metabolite. Approximately three weeks later, on the day that investigators learned about her test result and interviewed her, she was exhibiting the symptoms of an additional use of methamphetamine. Investigators found methamphetamine on her person. They also learned that she had ingested methamphetamine the night before the interview then drove her son to school that morning. A search of her residence yielded a quantity of Clonazepam, a Schedule IV controlled substance. A second urine sample, taken the day of her interview with investigators, also tested positive for methamphetamine. Approximately six weeks later, Appellant drove onto Davis-Monthan Air Force Base after having again ingested methamphetamine and alcohol.

## II. DISCUSSION

### A. Pretrial Punishment

Appellant argues that she was subjected to illegal pretrial punishment while in pretrial confinement because, in accordance with an update to Air Force Instruction 31-105, *Air Force Corrections System*, her custody classification was changed from medium to maximum. As a result she was unable to access the gym, work on details in her squadron, or otherwise leave the facility. She also had more limited access to the restroom because she required an escort to and from her cell.

Appellant offered to waive all waivable motions as part of a pretrial agreement. The military judge reviewed this provision with her at length and specifically discussed the same conduct that Appellant now claims constituted pretrial punishment. The military judge told Appellant that if she remained a party to the pretrial agreement, she would be waiving appellate consideration of this issue. After thorough discussion, Appellant agreed that she wanted to waive this issue because she believed doing so was in her best interest.

When an error is waived, "there is no error at all" preserved for appellate review. *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) (quoting *United States v. Weathers*, 186 F.3d 948, 955 (D.C. Cir. 1999)). Appellant does not argue that she could not validly waive this issue (see *United States v. McFadyen*, 51 M.J. 289, 291 (C.A.A.F. 1999)); instead, she argues that she did not fully understand the scope of Article 13's protections. *See* Article 13, UCMJ, 10 U.S.C. § 813. Having reviewed the entire record of trial, including the military judge's detailed and specific discussions with Appellant about this very issue (as required by *McFadyen*), we see no indication that she did not understand the full extent of the issues she was waiving. And despite her waiver of this issue, the sentencing authority (the military judge) nevertheless considered the nature of Appellant's pretrial confinement because she described it in her unsworn statement. We therefore find that Appellant waived appellate review of this issue and that there is nothing about this claim requiring exercise of our Article 66(c), UCMJ, 10 U.S.C. § 866(c), authority to correct.

## B. Sentencing Argument

Appellant contends that four aspects of the Government's sentencing argument were improper: that (1) she "chose to bring methamphetamine and clonazepam" onto Davis-Monthan Air Force Base, (2) "she was responsible for the care of her three children" at the time of her positive urinalysis tests, (3) a scale with methamphetamine was found "in a location within an arm's reach of a child," and (4) the Government's recommended term of confinement was appropriate so Appellant would be "unable to expose her children to illegal substances." Trial defense counsel did not object to any of these statements.

Improper argument involves a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). Where, as here, trial defense counsel did not object, we review for plain error. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). To establish plain error, Appellant must prove: "(1) [T]here was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id*. (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)). Error occurs when counsel fail to limit their arguments to "the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citing *United States v. Nelson*, 1 M.J. 235, 239 (C.M.A. 1975)). It is also error for trial counsel to make arguments that "unduly . . . inflame the passions or prejudices." *Marsh*, 70 M.J. at 102 (quoting *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007)); *see also* Rule for Courts-Martial 919(b), Discussion. On the other hand, trial counsel is expected to zealously argue for an appropriate sentence, so long as the argument is fair and reasonably based on the evidence. *United States v. Kropf*, 39 M.J. 107, 108 (C.M.A. 1994).

Appellant signed a seven-page stipulation of fact detailing her offenses. The stipulation included evidence that she was ingesting methamphetamine while responsible for the care of her children. There was also evidence that her children lived with her in the same residence where investigators found Clonazepam pills on a kitchen counter and a scale with methamphetamine residue in a lower kitchen cabinet. We find no error, plain or otherwise, in the Government's sentencing argument.

The military judge specifically stated that he would not consider any uncharged misconduct when determining Appellant's sentence. In the absence of evidence to the contrary, military judges are presumed to know and follow the law. *Erickson*, 65 M.J. at 225. Thus, even if any or all of trial counsel's arguments constituted plain error, Appellant suffered no prejudice and is therefore entitled to no relief.

## C. Sentence Severity

Appellant contends that her sentence, which includes a punitive discharge and confinement for 13 months, is inappropriately severe. This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ. In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Nerad*, 69 M.J. 138, 141 (C.A.A.F. 2010) (quoting *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957)). This authority is "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)). This task requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). In conducting this review, we must also be sensitive to considerations of uniformity and evenhandedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *United States v. Lacy*, 50 M.J. 286, 287–88 (C.A.A.F. 1999)). However, while we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *Lacy*, 50 M.J. at 288; *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

The maximum sentence for the offenses to which Appellant pleaded guilty was a dishonorable discharge and confinement for over 12 years. The approved sentence was well below that maximum imposable sentence and also under the pretrial agreement's limit of 16 months of confinement.

We have reviewed the entire record of trial and paid particular attention to the matters raised by Appellant. While we acknowledge the domestic and child-care challenges she faced, we conclude that the approved sentence is not inappropriately severe for this Airman who knowingly and repeatedly used and possessed prohibited substances and drove her vehicle while impaired, endangering her life and the lives of others.

### III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court