# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32682

————————————

### UNITED STATES
*Appellee*

**v.**

### Caleb N. JOHN
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 September 2021

————————————

*Military Judge:* Christopher D. James.

*Sentence:* Sentence adjudged on 14 December 2020 by SpCM convened at McConnell Air Force Base, Kansas. Sentence entered by military judge on 31 December 2020: Bad-conduct discharge, confinement for 7 months, forfeiture of $1,000.00 pay per month for 6 months, and reduction to E-1.

*For Appellant:* Captain Thomas R. Govan Jr., USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire; MacCaelin A. Sedita (legal intern).[1]

Before JOHNSON, KEY, and MEGINLEY, *Appellate Military Judges*.

Judge MEGINLEY delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

[1] Mr. Sedita was supervised by attorneys admitted to practice before this court.

_____

MEGINLEY, Judge:

A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas and plea agreement, of four specifications of wrongful use of controlled substances and two specifications of wrongful possession of controlled substances, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; five specifications of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921; one specification of burglary, in violation of Article 129, UCMJ, 10 U.S.C. § 929; and one specification of housebreaking, in violation of Article 130, UCMJ, 10 U.S.C. § 930.[2,3]

Although some of Appellant's offenses occurred prior to 1 January 2019, Appellant chose to be sentenced under the rules in effect as of 1 January 2019, as outlined in Rule for Courts-Martial (R.C.M.) 705, *Plea agreements*, and R.C.M. 1002(d)(2), *Sentencing determination*.[4] As part of his plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. Further, although not a material term of his plea agreement, Appellant agreed to make restitution to two of the victims, DL and CR.[5] The military judge sentenced Appellant to a bad-conduct discharge, confinement for seven months, forfeiture of $1,000.00 pay per month for six months, and reduction to the grade of E-1. The convening authority approved Appellant's sentence in its entirety.

Appellant raises four issues on appeal: (1) whether trial counsel engaged in prosecutorial misconduct by arguing in pre-sentencing that the victims' unsworn statements constituted aggravating evidence; (2) whether the convening

_____

[2] All references in this opinion to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). The charges and specifications were referred to trial after 1 January 2019; as such, all other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3, 5, 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018).

[3] Appellant faced four charges with a total of 14 specifications. As part of the plea agreement, one specification of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921, was withdrawn and dismissed per the plea agreement, the convening authority agreed to refer Appellant's charges and specifications to a special court-martial with no limitation on confinement.

[4] *See* Exec. Order 13,825, §§ 5, 10, 83 Fed. Reg. at 9890–91.

[5] During the trial, trial counsel acknowledged he was in receipt of two cashier's checks for the amount of $400.00 and $279.00 to DL and CR, respectively.

authority erred by not providing Appellant an opportunity to rebut matters submitted by one of the victims, as well as considering adverse matters that were not presented at trial; (3) whether trial counsel committed prosecutorial misconduct during presentencing by arguing Appellant failed to apologize in violation of his right to remain silent; and (4) whether this court should exercise its Article 66, UCMJ, 10 U.S.C. § 866, authority to address an unpreserved objection of unreasonable multiplication of charges for sentencing.[6]

Regarding issue (2), we have determined this issue does not warrant further discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).[7] As for the remaining issues, we find no error that has materially prejudiced the substantial rights of Appellant, and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in November 2013. When he committed his offenses, he was stationed at McConnell Air Force Base (AFB), Kansas. At his court-martial, Appellant pleaded guilty to extensive drug use, including the wrongful use of cocaine, fentanyl on divers occasions, oxycodone on divers occasions,[8] and marijuana on divers occasions. Appellant also pleaded guilty to wrongful possession of fentanyl and marijuana.

---

[6] Appellant personally raised issues (3) and (4) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[7] This court granted a government motion to attach a document pursuant to *United States v. Jessie*, 79 M.J. 437, 442–43 (C.A.A.F. 2020) (explaining an "'extra-record fact determination[ ]' may be [a] 'necessary predicate[ ] to resolving appellate questions.'") This document was a declaration from trial counsel stating that she notified trial defense counsel that victim MM submitted a post-trial victim impact statement for the convening authority's consideration pursuant to R.C.M. 1106A (the same statement MM presented at trial), and that trial defense counsel stated Appellant did not wish to rebut MM's post-trial submission. Although Appellant was not provided written notice of the victim's submission as required in paragraph 13.11.2 of Air Force Instruction 51-201, *Administration of Military Justice* (18 Jan. 2019), the convening authority was provided the same victim impact statement that was introduced as a court exhibit in Appellant's trial. Appellant has not shown the convening authority considered matters otherwise not presented at trial. We find that Appellant did not suffer any material prejudice and does not warrant relief under a plain error review.

[8] The court notes that according to the stipulation of fact admitted into evidence, in the four years prior to his court-martial, Appellant had been prescribed the following painkillers: in 2016, 629 pills of oxycodone and 130 pills of hydrocodone; in 2017, 50 pills of oxycodone; in 2018, 240 pills of oxycodone and 320 pills of hydrocodone; in 2019, 260

Additionally, Appellant pleaded guilty to five specifications of larceny. Pursuant to a consent search executed on 8 October 2019 of Appellant's on-base home, Security Forces Office of Investigations (SFOI) found sports cards belonging to Appellant's neighbor, MM, an enlisted Air Force member. Appellant admitted to breaking and entering MM's home with the intent to commit larceny in July 2018. Investigators also discovered four headlamps from a tool kit stolen from an on-base hangar. The value of this property was less than $1,000.00. Appellant also stole storage cases, property belonging to the United States Air Force, of a value less than $1,000.00.

Pursuant to a consent search of Appellant's phone on 20 March 2020, investigators were able to determine that Appellant had also stolen a gaming console with accessories from DL, another enlisted Air Force member, in July 2018. During his providence inquiry, Appellant stated that he unlawfully entered DL's home, located on McConnell AFB, when DL was on vacation outside the local area, with the intent to commit larceny. The value of DL's property was $400.00 or less. Finally, Appellant admitted to stealing another gaming console, along with several games, from CR, also an enlisted Air Force member, in June 2018. Before it was stolen, this gaming system was located in a common area at Appellant's work center. The value of the property stolen was $279.00.

Appellant stated he stole almost all of the property charged in these offenses to buy painkillers.[9]

## II. DISCUSSION

### A. Challenges to Trial Counsel's Sentencing Argument

#### 1. Additional Background

##### a. Victim Impact Statements

Pursuant to their rights under Article 6b(a)(4)(B), UCMJ, 10 U.S.C. § 806b(a)(4)(B), two of the victims, DL and MM, provided victim impact statements to the court. During sentencing argument, trial counsel referenced these victims' unsworn statements, specifically noting that Appellant's crimes had taken "away [DL's] family's peace of mind" and how his kids "had to be fingerprinted in line with the investigation." Trial counsel read parts of MM's statement, noting MM stated he had become "neurotic . . . about locking doors, to

---

pills of hydrocodone. Additionally, Appellant had been prescribed 2,970 total pills of Gabapentin, a prescription pain reliever to treat nerve pain. Nonetheless, Appellant secured the wrongfully used oxycodone pills from a non-prescriptive source.

[9] Appellant noted he intended to keep the games associated with CR's gaming system.

make sure this can't happen again" and how MM "is always the first person in a room when he comes, before his family comes in, to make sure everything is still in place." However, Appellant takes particular umbrage to the following portion of trial counsel's argument:

> And so, collectively, between their two statements, there's also one more important point to draw out. And that is, [MM] and [DL] paint a picture of an [A]irman who actually does not have remorse. [MM], when he realized his house had been broken into, he went to his next door neighbor, [Appellant], and asked him if he had seen anything. And [Appellant] told him no. And in [DL]'s case, after these crimes, [Appellant] asked him for favors, mainly, will you babysit my kids. *Just the sheer gull [sic] of that I think, Your Honor, is pretty stark, in terms of aggravating evidence.*

(Emphasis added).

### b. Commenting on Appellant's Failure to Apologize

Appellant also asserts that trial counsel "improperly argued that [Appellant] lacked remorse because he failed to apologize in his verbal and written unsworn statements in violation of his Fifth Amendment constitutional right to remain silent."[10] Appellant specifically directs this court to the following portion of trial counsel's argument:

> In addition to the two chances he had today, the verbal unsworn statement and the written unsworn statement, rather, these are two chances that [Appellant] had to apologize to the victims. [MM] is, in fact, in the gallery, and yet we have not heard any sort of apology offered to the victims.

Trial counsel made this argument, despite Appellant stating in his written unsworn that,

> Nothing can excuse what I did. It was wrong. I am most ashamed of how I treated my fellow Airmen. I recognize that the money paid back does not take away the hurt I caused. I cannot say anything to make those actions go away. I can only stand before you today and say I am sorry, what I did was wrong, and I assure you I am firmly on the path towards recovery.

At no time during trial counsel's argument did trial defense counsel object to any of trial counsel's statements.

---

[10] U.S. CONST. amend. V.

**2. Law**

Prosecutorial misconduct and improper argument are questions of law that we review de novo. *United States v. Andrews*, 77 M.J. 393, 398 (C.A.A.F. 2018) (citing *United States v. Sewell*, 76 M.J. 14, 18 (C.A.A.F. 2017)).

Because there was no objection at trial we review for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013). "Plain error occurs when (1) there is error, (2) the error is clear or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Voorhees*, 79 M.J. 5, 9 (C.A.A.F. 2019) (citing *Andrews*, 77 M.J. at 401), *cert. denied*, 140 S. Ct. 2566 (2020). "Thus, we must determine: (1) whether trial counsel's arguments amounted to clear, obvious error; and (2) if so, whether there was a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* (citations and internal quotation marks omitted). The burden to establish plain error, including prejudice, is on the appellant. *Id.* at 9, 12.

When determining prejudice, we look at the cumulative impact of the improper argument on an appellant's substantial rights and the fairness and integrity of his trial and weigh three factors: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence" supporting the sentence. *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005); *see also Voorhees*, 79 M.J. at 12; *Halpin*, 71 M.J. at 480.

Article 6b, UCMJ, grants victims of offenses under the UCMJ the right to be reasonably heard at a sentencing hearing related to the offense. *See* Article 6b(a)(4)(B), UCMJ. A victim covered by this right is one "who has suffered direct physical, emotional, or pecuniary harm as a result of the commission of an offense under [the UCMJ]." Article 6b(b), UCMJ, 10 U.S.C. § 806b(b). Under R.C.M. 1001(c), victims in non-capital cases may exercise their right to be reasonably heard through sworn or unsworn statements. R.C.M. 1001(c)(2)(D).

Statements offered under R.C.M. 1001(c) "may include victim impact and matters in mitigation." R.C.M. 1001(c)(3). Victim impact means "any financial, social, psychological, or medical impact on the victim directly relating to or arising from the offense of which the accused has been found guilty." R.C.M. 1001(c)(2)(B).

"Interpreting R.C.M. 1001[(c)] is a question of law, which we review de novo." *United States v. Barker*, 77 M.J. 377, 382 (C.A.A.F. 2018) (citation omitted).[11]

---

[11] Prior to 1 January 2019, crime victim's rights were found under R.C.M. 1001A (2016 *MCM*).

"R.C.M. 1001[(c)] 'belongs to the victim, and is separate and distinct from the [G]overnment's right to offer victim impact statements in aggravation under R.C.M. 1001(b)(4).'" *United States v. Tyler*, 81 M.J. 108, 111 (C.A.A.F. 2021) (quoting *Barker*, 77 M.J. at 378). "[U]nsworn victim statements are not made under oath, and are thus not evidence." *Id.* at 112. "Although the unsworn victim statement is not subject to the Military Rules of Evidence, this does not mean that the military judge is powerless to restrict its contents." *Id.* "[T]he military judge has an obligation to ensure the content of a victim's unsworn statement comports with the parameters of victim impact or mitigation as defined by R.C.M. 1001[(c)]." *Id.* Nonetheless, "either party may comment on properly admitted unsworn victim statements" during presentencing argument. *Id.* at 113.

Trial counsel can "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citation omitted). However, "[a] sentencing argument by trial counsel which comments upon an accused's exercise of his or her constitutionally protected rights is 'beyond the bounds of fair comment.'" *United States v. Paxton*, 64 M.J. 484, 487 (C.A.A.F. 2007) (citation omitted).

The lack of defense objection is some measure of the minimal prejudicial impact of trial counsel's argument. *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001) (citation omitted). We consider whether "trial counsel's comments, taken as a whole, were so damaging that we cannot be confident' that [the appellant] was sentenced 'on the basis of the evidence alone." *United States v. Erickson*, 65 M.J. 221, 224 (C.A.A.F. 2007) (quoting *Fletcher*, 62 M.J. at 184). Where the weight of the evidence amply supports the sentence imposed, we can be confident Appellant was sentenced on the basis of the evidence alone. *See Halpin*, 71 M.J. at 480.

### 3. Analysis

#### a. Victim Impact Statement

Appellant's primary complaint hinges on the fact that trial counsel stated, "*Just the sheer gull [sic] of that I think, Your Honor, is pretty stark, in terms of aggravating evidence.*" (Emphasis added). DL and MM's statements were admitted by the military judge pursuant to R.C.M. 1001(c), not R.C.M. 1001(b)(4). Thus, their statements were not evidence at all. While it was error for trial counsel to couch the statements as "aggravating *evidence*," context is key, particularly given that trial counsel was arguing the impact Appellant's crimes had on the victims. It is apparent trial counsel inartfully commented on the statements; however, we conclude that Appellant failed to demonstrate prejudice. Given that this was a judge-alone case, and "[m]ilitary judges are presumed to know the law and to follow it absent clear evidence to the contrary,"

*Erickson*, 65 M.J. at 225 (citation omitted), we presume that the military judge was able to distinguish between proper and improper sentencing arguments. *See id.* at 225 (citations omitted). We find that this comment did not substantially influence Appellant's sentence, nor otherwise materially prejudice a substantial right of Appellant. Finding he did not suffer any material prejudice, Appellant does not warrant relief under a plain error review for this error.

### b. Failure to Apologize

We do not find plain error in trial counsel's argument as this was an assessment of the content of Appellant's apology in his unsworn statement. *See United States v. Edwards*, 35 M.J. 351, 355 (C.M.A. 1992) (holding a proper foundation for trial counsel to comment an accused's failure to express remorse exists "when 'an accused has either testified or has made an unsworn statement and has either expressed no remorse or his expressions of remorse can be arguably construed as being shallow, artificial, or contrived'"); *see also Baer*, 53 M.J. at 237 (holding trial counsel is at "liberty" to "strike hard, but not foul, blows" during sentencing argument). Even if we did find trial counsel's comment was a clear or obvious error, Appellant has failed to demonstrate prejudice. Trial counsel's comment was rather confined and did not spread out over the entirety of his argument.[12] Also, trial defense counsel did not object to the statement. Also, the military judge would have read the apology in Appellant's unsworn statement and thus given this portion of the argument the appropriate weight. In addition, as this was a military judge alone case, we presume military judges follow the law, *see Erickson*, 65 M.J. at 225 (citation omitted), and we will presume that the military judge was able to distinguish between proper and improper sentencing arguments. *See id.* at 225 (citations omitted).

Further, Appellant failed to provide any evidence to rebut the presumption that the military judge followed the law and disregarded any improper sentencing argument, nor is there anything in the record indicating the military judge sentenced Appellant for not apologizing to these two victims. In fact, the military judge sentenced Appellant to five months less than what he could have received in this forum, which is particularly telling given that Appellant did not have any limitation on confinement in his plea agreement. Finally, the weight of the evidence was very strong in this case and fully supports the adjudged sentence. Having assessed the facts of this case with the *Fletcher* factors, we conclude that that there was no material prejudice to Appellant's substantial rights based on trial counsel's allegedly improper comment and therefore no relief is warranted.

---

[12] Trial counsel's argument was relatively brief, comprising about four pages in the transcript

**B. Allegation of Unreasonable Multiplication of Charges**

Appellant has requested this court exercise its Article 66, UCMJ, authority to address an *unpreserved* objection of unreasonable multiplication of charges for sentencing, specifically Specifications 4 and 6 of Charge I, which alleged Appellant wrongfully used marijuana and wrongfully possessed marijuana, respectively.

An "express waiver of any waivable motions" as part of a plea agreement "extinguishe[s] his right to raise these issues on appeal" unless the waiver is of a fundamental right. *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). Unreasonable multiplication of charges is a waivable motion. *Id.*; *see also United States v. Hardy*, 77 M.J. 438, 443 (C.A.A.F. 2018) ("[A]n unconditional guilty plea waives any unpreserved unreasonable multiplication of charges objection.").

Courts may apply the doctrine of unreasonable multiplication of charges to dismiss certain charges and specifications. Rule for Courts-Martial 307(c)(4) summarizes this principle as follows: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." However, Appellant expressly waived "any waivable motions" as part of his plea agreement, one that appeared to give him significant benefits. In turn, Appellant waived any legal claims he may have had regarding unreasonable multiplication of charges on this appeal. This being the case, we need not reach the issue of whether the specifications were in fact facially duplicative, and we decline to pierce Appellant's waiver on this issue. *See Hardy*, 77 M.J. at 443; *United States v. Chin*, 75 M.J. 220, 222–23 (C.A.A.F. 2016).

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and the sentence are **AFFIRMED**.[13]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[13] Although not raised by Appellant, the entry of judgment (EoJ) fails to indicate that Charge II, Specification 3 was withdrawn and dismissed *with prejudice.* Instead, the EoJ states this specification was "withdrawn and dismissed per PA [(plea agreement)]." However, we note this specification was withdrawn and dismissed with prejudice. *See* R.C.M. 1111(b)(1). Appellant has not claimed any prejudice as a result of this error; however, we direct the Chief Trial Judge, Air Force Trial Judiciary, to have a detailed military judge correct the EoJ accordingly, prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).